Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

FEBRUARY 2026 02420

E-Filing Number: 2602041600

| | |
|---|---|
| PLAINTIFF'S NAME<br>OLIVIA KEYES | DEFENDANT'S NAME<br>ERNESTO PISCIL-MORALES, ALIAS: ERNEST PISCK-MORALES |
| PLAINTIFF'S ADDRESS<br>11036 KELVIN AVENUE<br>PHILADELPHIA PA 19116 | DEFENDANT'S ADDRESS<br>78 HOWARD AVENUE #2<br>NEW HAVEN CT 06519 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>J.B. HUNT TRANSPORT SERVICES, INC., ALIAS: A/K/A J.B. HUNT LOGISTICS, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>2367 SYCAMORE STREET<br>HARRISBURG PA 17111 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOE(S) 1-3 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>UNKNOWN<br>UNKNOWN PA UNKNOWN |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 3

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
FEB 18 2026
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: OLIVIA KEYES

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>NICHOLAS J. RENZI | ADDRESS<br>301 SOUTH 17TH STREET<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)546-4208<br>FAX NUMBER<br>(215)546-1336 | |
| SUPREME COURT IDENTIFICATION NO.<br>63060 | E-MAIL ADDRESS<br>nr@adamsrenzilaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*NICHOLAS RENZI* | DATE SUBMITTED<br>Wednesday, February 18, 2026, 10:30 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**ADAMS RENZI LAW**
BY: NICHOLAS J. RENZI, ESQUIRE
Attorney I.D. No. 63060
301 South 17th Street
Philadelphia, PA 19103
(215) 546-4208
nr@ARJusticeNow.com
Attorney for Plaintiff

Filed and Attested by the Office of Judicial Records 18 ... am

**THIS IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

| | |
|---|---|
| OLIVIA KEYES<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO PISCIL-MORALES a/k/a ERNEST PISCK-MORALES; J.B. HUNT TRANSPORT SERVICES, INC. a/k/a J.B. HUNT TRANSPORT, INC. a/k/a J.B. HUNT LOGISTICS, INC.; and, JOHN DOE(S) 1-3, fictitious name(s), currently used to designate one or more unknown parties to this incident, j/s/a<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2026<br><br>NO.: |

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede pere dinero o sus propiedades u otros derechos importantes para usted.

Lleva esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion Legal
One Reading Center, Filadelfia, PA 19107
(215) 238-1701

**ADAMS RENZI LAW**
BY: NICHOLAS J. RENZI, ESQUIRE
Attorney I.D. No. 63060
301 South 17th Street
Philadelphia, PA 19103
(215) 546-4208
nr@ARJusticeNow.com
Attorney for Plaintiff

**THIS IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

| | |
|---|---|
| OLIVIA KEYES<br>11036 Kelvin Avenue<br>Philadelphia, PA 19116<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO PISCIL-MORALES a/k/a<br>ERNEST PISCK-MORALES<br>78 Howard Avenue, #2<br>New Haven, CT 06519<br><br>and<br><br>J.B. HUNT TRANSPORT SERVICES, INC.<br>a/k/a J.B. HUNT TRANSPORT, INC. a/k/a<br>J.B. HUNT LOGISTICS, INC.<br>2367 Sycamore Street<br>Harrisburg, PA 17111<br><br>and<br><br>JOHN DOE(S) 1-3, fictitious name(s),<br>currently used to designate one or more<br>unknown parties to this incident, j/s/a<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2026<br><br>NO.: |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Olivia Keyes, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 11036 Kelvin Avenue, Philadelphia, PA 19116.

2. Defendant, Ernesto Piscil-Morales a/k/a Ernest Pisck-Morales, is alleged and therefore averred to be an individual and citizen of the State of Connecticut, residing therein at 78 Howard Avenue, #2, New Haven, CT 06519.

3. Defendant, J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc., is alleged and therefore averred to be a corporation, limited liability company, partnership, sole proprietorship and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, with a principal place of business located at 2367 Sycamore Street, Harrisburg, PA 17111.

4. Defendant(s), John Doe(s) 1-3, is/are alleged and therefore averred to be individuals, corporations, partnerships and/or other business entities, fictitiously named and who may be responsible for the automobile incident described at length below and are potentially liable to Plaintiff for injuries sustained as a result of their negligence whether jointly, severally and/or in the alternative.

5. At all times relevant hereto, one or more of the aforementioned Defendants regularly, systematically, continuously, and substantially conducted business in Philadelphia County, Pennsylvania.

6. On or about March 12, 2024, at or about 12:30 p.m., Plaintiff, Olivia Keyes, was lawfully operating her motor vehicle north on Roosevelt Boulevard (in the outside lanes), and in the middle lane of said roadway, approaching the intersection of Comly Street, in Philadelphia, PA, when she was struck on the left side of her vehicle by the tractor-trailer owned by Defendant, J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc., and being permissively operated by Defendant, Ernesto Piscil-Morales a/k/a

Ernest Pisck-Morales, in the left lane of said roadway, and which motor vehicle moved into Plaintiff's lane of travel.

7. At all times relevant hereto, Defendant, Ernesto Piscil-Morales a/k/a Ernest Pisck-Morales, was acting in the course and scope of his employment for Defendant, J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc., which Defendant is responsible for the negligence, carelessness and recklessness of its agents, servants, workmen, and/or employees under the Doctrine of Respondeat Superior.

8. In the alternative, at all times relevant hereto, Defendant, Ernesto Piscil-Morales a/k/a Ernest Pisck-Morales, was an independent contractor and a permissive user of the motor vehicle owned by Defendant, J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc.

9. This incident resulted from the negligence and carelessness of one or more of the aforementioned Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

10. As a result of the aforesaid incident, Plaintiff, Olivia Keyes, has suffered injuries which are serious and permanent in nature, including, but not limited to: C6-7 syrinx; cervicalgia; cervical radiculopathy; concussion; post-concussion syndrome; thoracic strain and sprain; occipital neuralgia; myofascial pain and headaches; contusions, abrasions and lacerations over various portions of her body; severe damage of her nerves and nervous system; and, various other ills and injuries which Plaintiff has suffered and may continue to suffer for an indefinite time into the future.

11. As a further result of the aforesaid incident, Plaintiff, Olivia Keyes, has been obliged to receive and undergo medical attention and care and to incur various and diverse

expenses, all of which have or may exceed the sums and value recoverable under 75 Pa. C.S.A. Section 1711 and which Plaintiff may continue to expend and incur for an indefinite time into the future.

12. As a further result of the aforesaid incident, Plaintiff, Olivia Keyes, has or may suffer a severe loss of her earnings and her earning capacity and power, all of which may continue indefinitely into the future and exceed the sums and value recoverable under 75 Pa. C.S.A. Section 1711.

13. As a further result of the aforesaid incident, Plaintiff, Olivia Keyes, has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

14. As a further result of the aforesaid incident, Plaintiff, Olivia Keyes, has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

15. As a further result of the aforesaid incident, Plaintiff, Olivia Keyes, has suffered damages to her motor vehicle and has incurred other out-of-pocket expenses, including towing, storage, and replacement rental.

**COUNT I**
**OLIVIA KEYES V. ERNESTO PISCIL-MORALES A/K/A ERNEST PISCK-MORALES**

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if the same were herein set forth at length.

17. The negligence and carelessness of Defendant, Ernesto Piscil-Morales a/k/a Ernest Pisck-Morales, consists of, but is not limited to, the following:

a. failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as the Plaintiff;

b. failure to apply the brakes to avoid an incident;

c. failure to yield the right-of-way to Plaintiff's motor vehicle;

d. failure to keep a proper lookout;

e. operation of the vehicle at an excessive rate of speed under the circumstances;

f. failure to maintain a proper lane of travel in violation of 75 Pa. C.S.A. §3309 (1) (negligence per se);

g. operating a motor vehicle in careless disregard for the safety of persons and property, constituting careless driving in violation of 75 Pa. C.S.A. §3714 (negligence per se); and,

h. operation of the motor vehicle in violation of the laws of the City of Philadelphia and the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways.

18. The negligence and carelessness of the aforementioned Defendant, as set forth herein, was the proximate and sole cause of the injuries and damages to Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Olivia Keyes, demands judgment against the Defendant, Ernesto Piscil-Morales a/k/a Ernest Pisck-Morales, in an amount in excess of fifty thousand ($50,000.00) dollars.

**COUNT II**
**<u>OLIVIA KEYES V. J.B. HUNT TRANSPORT SERVICES, INC. A/K/A J.B. HUNT TRANSPORT, INC. A/K/A J.B. HUNT LOGISTICS, INC.</u>**

19. Plaintiff incorporates by reference paragraphs 1 through 18 as if the same were herein set forth at length.

20. The negligence and carelessness of Defendant, J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc., its agents, servants, workmen, employees and/or independent contractors, including Ernesto Piscil-Morales a/k/a Ernest Pisck-Morales, consists of, but is not limited to, the following:

a. failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as the Plaintiff;

b. failure to apply the brakes to avoid an incident;

c. failure to yield the right-of-way to Plaintiff's motor vehicle;

d. failure to keep a proper lookout;

e. operation of the vehicle at an excessive rate of speed under the circumstances;

f. failure to maintain a proper lane of travel in violation of 75 Pa. C.S.A. §3309 (1) (negligence per se);

g. operating a motor vehicle in careless disregard for the safety of persons and property, constituting careless driving in violation of 75 Pa. C.S.A. §3714 (negligence per se); and,

h. operation of the motor vehicle in violation of the laws of the City of Philadelphia and the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways.

21. The negligence and carelessness of the aforementioned Defendant, as set forth herein, was the proximate and sole cause of the injuries and damages to Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Olivia Keyes, demands judgment against the Defendant, J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc., its agents, servants, workmen, employees and/or independent contractors, including Ernesto Piscil-Morales a/k/a Ernest Pisck-Morales, in an amount in excess of fifty thousand ($50,000.00) dollars.

**COUNT III**
**OLIVIA KEYES V. JOHN DOE(S) 1-3**

22. Plaintiff hereby incorporates by reference paragraphs 1 through 21 as if the same were herein set forth at length.

23. John Doe(s) 1-3 is currently used to designate one or more unknown parties to this incident.

24. In accordance with Pennsylvania Rule of Civil Procedure, 2005, Plaintiff has conducted a reasonable search to identify all potential parties to the subject motor vehicle collision including, but not limited to, securing and reviewing the Police Crash Reporting Form.

25. Plaintiff is including John Doe(s) 1-3 in case the Police Crash Reporting Form provided incorrect information.

26. The negligence and carelessness of, Defendant(s), John Doe(s) 1-3, consists of, but is not limited to, the following:

a. failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as the Plaintiff;

b. failure to apply the brakes to avoid an incident;

c. failure to yield the right-of-way to Plaintiff's motor vehicle;

d. failure to keep a proper lookout;

e. operation of the vehicle at an excessive rate of speed under the circumstances;

f. failure to maintain a proper lane of travel in violation of 75 Pa. C.S.A. §3309 (1) (negligence per se);

g. operating a motor vehicle in careless disregard for the safety of persons and property, constituting careless driving in violation of 75 Pa. C.S.A. §3714 (negligence per se); and,

h. operation of the motor vehicle in violation of the laws of the City of Philadelphia and the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways.

27. The negligence and carelessness of the aforementioned Defendant(s), as set forth herein, was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Olivia Keyes, demands judgment against the Defendant(s), John Doe(s) 1-3, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT IV**
**OLIVIA KEYES v. J.B. HUNT TRANSPORT SERVICES, INC. A/K/A J.B. HUNT TRANSPORT, INC. A/K/A J.B. HUNT LOGISTICS, INC. AND JOHN DOE(S) 1-3**
**NEGLIGENT ENTRUSTMENT**

28. Plaintiff hereby incorporates by reference paragraphs 1 through 27 as if the same were herein set forth at length.

29. At all times relevant hereto, Defendant, Ernesto Piscil-Morales a/k/a Ernest Pisck-Morales, was driving the aforesaid motor vehicle with the knowledge of one or more of the aforementioned Defendants, at one or more of the aforementioned Defendants' insistence and for the benefit of one or more of the aforementioned Defendants.

30. The negligence and carelessness of Defendant, J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc. and/or John Doe(s) 1-3, consists of, but is not limited to, the following:

a. negligently entrusting a motor vehicle to one known to have the propensities for failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as the Plaintiff;

b. negligently entrusting a motor vehicle to one known to have the propensities for failure to apply the brakes to avoid an incident;

c. negligently entrusting a motor vehicle to one known to have the propensities for failure to yield the right-of-way to Plaintiff's motor vehicle;

d. negligently entrusting a motor vehicle to one known to have the propensities for failure to keep a proper lookout;

e. negligently entrusting a motor vehicle to one known to have the propensities for operation of the vehicle at an excessive rate of speed under the circumstances;

f. negligently entrusting a motor vehicle to one known to have the propensities for failure to maintain a proper lane of travel in violation of 75 Pa. C.S.A. §3309 (1) (negligence per se);

g. negligently entrusting a motor vehicle to one known to have the propensities for operating a motor vehicle in careless disregard for the

safety of persons and property, constituting careless driving in violation of 75 Pa. C.S.A. §3714 (negligence per se); and,

h. negligently entrusting a motor vehicle to one known to have the propensities for operation of the motor vehicle in violation of the laws of the City of Philadelphia and the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways.

31. The negligence and carelessness of Defendant, J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc. and/or John Doe(s) 1-3, as set forth herein, was the proximate and sole cause of the injuries and damages to Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Olivia Keyes, demands judgment against the Defendant(s), J.B. Hunt Transport Services, Inc. a/k/a J.B. Hunt Transport, Inc. a/k/a J.B. Hunt Logistics, Inc. and/ John Doe(s) 1-3, in an amount in excess of fifty thousand ($50,000.00) dollars.

Respectfully submitted,

ADAMS RENZI LAW

By: ______________________________

NICHOLAS J. RENZI, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

The undersigned states that he/she is the Plaintiff herein, that he/she is acquainted with the facts set forth in the foregoing PLEADING, that same are true and correct to the best of my knowledge, information and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

X Olivia Keyes